UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

ADOLPHUS BLACK,

                  Defendant.

Criminal Action No. 3:04-CR-100–JRS
Civil Action No. 3:14-CV-206-JRS

## MEMORANDUM OPINION
(Dismissing Successive 28 U.S.C. § 2255 Motion)

THIS MATTER is before the Court on Defendant Adolphus Black's Motion for Reconsideration. (ECF No. 113). Black styles his Motion as a Rule 60(b) challenge to his sentence. *See* Fed. R. Civ. P. 60(b). On November 13, 2013 the Court held that a previous Rule 60(b) motion by Black was in fact a successive, unauthorized 28 U.S.C. § 2255 motion; directed to Clerk to file the action for the convenience of the Court; dismissed the action for want of jurisdiction; and denied a certificate of appealability. (ECF Nos. 110, 111).

The Antiterrorism and Effective Death Penalty Act of 1996 restricts the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). In that vein, "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *Id.* (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). The Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion or an improper successive § 2255 motion:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (internal citation omitted) (citing *Dunlap v. Litscher*, 301 F.3d 873, 876 (7th Cir. 2002); *Eberhardt v. Integrated Design & Constr. Inc.*, 167 F.3d 861, 870 (4th Cir. 1999)).

In the instant Motion, Defendant does not raise procedural defects in this Court's § 2255 review process. Rather, Defendant continues to challenge his underlying sentence. Much like Defendant's Rule 60(b) Motion (ECF No. 109), the instant "Motion for Reconsideration" (ECF No. 113) is a successive, unauthorized 28 U.S.C. § 2255 motion. *See id.* Because the Court has not received authorization from the Fourth Circuit to file the Motion, the action will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Defendant fails to satisfy this standard, a certificate of appealability will be denied.

Let the Clerk send a copy of this Memorandum Opinion to Petitioner and all counsel of record.

An appropriate order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this __24th__ day of March 2014.