IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:04CR100

ADOLPHUS BLACK,

Petitioner.

## MEMORANDUM OPINION

Petitioner, proceeding by counsel, filed this successive 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 125) challenging his enhanced sentence under the Armed Career Criminal Act ("ACCA") pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government maintains that Petitioner still qualifies for an enhanced sentence under ACCA, and in the alternative, argues that, to the extent an error exists, that error is harmless because Petitioner "remains subject to a concurrent 360-month sentence under the Career Offender Guidelines § 4B1.1." (Further Response 3, ECF No. 143 (citation omitted).) As discussed below, Petitioner remains subject to an ACCA sentence for Count Two, and thus lacks entitlement to relief.

### I. *Johnson v. United States*

In *Johnson v. United States*, the Supreme Court described the impact of the ACCA on federal gun laws and noted that:

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the [ACCA] increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

135 S. Ct. 2551, 2555 (2015) (citations omitted).

The ACCA defines a violent felony as: "any crime punishable by imprisonment for a term exceeding one year" and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." *Johnson*, 135 S. Ct. at 2556. In *Johnson*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. *Id.* at 2557.

## II. Factual and Procedural Background

A jury convicted Petitioner of possession with intent to distribute cocaine (Count One), possession of a firearm by a convicted felon (Count Two), and distribution of 50 grams or more of cocaine base (Count Three). (Indictment 1–2, ECF No. 9; Minute Entry, ECF No. 40; *see* ECF No. 41; Presentence Report ("PSR") 1, 4–5.) Petitioner qualified as a career offender under § 4B1.1(b) of the United States Sentencing Guidelines ("USSG") in light of his prior convictions for violent felonies. (PSR ¶ 35.)[1] Additionally, Petitioner qualified for an enhanced statutory sentence under ACCA based on these prior convictions. (*Id.*)[2]

For Counts One and Three, Petitioner's Offense Level was 32, based on the quantity of drugs involved in the offenses. (PSR Wkst A, at 1.) For Count Two, Petitioner's Offense Level

---

[1] This enhancement was based upon the fact that Petitioner was convicted of three New York offenses of Robbery-1st Degree and one New York Attempted Robbery- 1st Degree offense. (See PSR Addendum B-1 and B-2; PSR ¶¶ 18, 19, 35.) Petitioner appears to have at least four convictions for first-degree robbery and one conviction for attempted first-degree robbery. (*See* ECF No. 143–1, at 1–3.)

[2] Petitioner also qualified for a sentence enhancement as an armed career criminal under USSG § 4B1.4 because of these prior felonies. (PSR ¶ 35.)

2

was 24, pursuant to USSG 2K2.1(a)(2), because the possession of a firearm by a convicted felon was subsequent to sustaining two felony convictions for crimes of violence. (PSR Wkst A, at 2.) The three offenses of conviction were "closely related counts," that were grouped together pursuant to USSG § 3D1.2(b) for a Combined Adjusted Offense Level of 33. (PSR Wkst B, at 1.) Because Petitioner was a career offender and an armed career criminal, his Offense Level Total was a 37, and he qualified for a Criminal History Category of VI. (PSR Wkst D, at 1.) Petitioner's advisory guidelines range was 360 months to life; however, Count One carried a statutory maximum sentence of 240 months. (*Id.*) The Court sentenced Petitioner to 360 months in prison on Counts Two and Three and 240 months on Count One, all to run concurrently. (ECF No. 55.)

By Memorandum Opinion and Order entered on September 9, 2009, the Court denied a 28 U.S.C. § 2255 motion filed by Petitioner. (ECF Nos. 91, 92.) By Order entered on April 24, 2016, the United States Court of Appeals for the Fourth Circuit granted Petitioner authorization to file a second or successive § 2255 motion for his ACCA claim based on *Johnson*. (ECF No. 123, at 1.)

### III. Analysis

#### A. Petitioner Is Not Entitled to Relief on His Enhanced ACCA Sentence

In his current § 2255 Motion, Petitioner contends: "After *Johnson*, [Petitioner's] convictions for first-degree robbery, attempted first-degree robbery, and second-degree robbery no longer qualify as a 'violent felony' under any portion of ACCA." (§ 2255 Mot. 3, ECF No. 125.) Petitioner is incorrect. Petitioner was previously convicted of at least five robbery offenses under subsections of New York Penal Law § 160.15. Specifically, he received four first-degree robbery convictions and one attempted first-degree robbery conviction under N.Y.

3

Penal Law § 160.15(1) and §160.15(2).[3] (*See* ECF No. 143-1, at 1-3.) The United States Court of Appeals for the Fourth Circuit has recently concluded that, "New York statutory robbery, irrespective of the degree of the offense, is a crime of violence because it necessarily involves the 'use, attempted use, or threatened use of physical force against the person of another." *United States v. Hammond*, No. 17-4702, --- F.3d ----, 2019 WL 97362, at *1 (4th Cir. Jan. 4, 2019). Although *Hammond* was decided with respect to the career offender portion of the United States Sentencing Guidelines, the language in the sentencing guidelines and in ACCA contain the identical definition of a crime of violence, or what is referred to as the "force" clause.[4] Thus, Petitioner's prior New York robbery convictions still qualify as violent felonies, and therefore remain predicates for an enhanced ACCA sentence. Accordingly, Petitioner qualifies for the enhanced sentence he received, even post *Johnson*.[5]

---

[3] That statute provides, in relevant part:

> A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
> 1. Causes serious physical injury to any person who is not a participant in the crime; or
> 2. Is armed with a deadly weapon; . . . .

N.Y. Penal Law § 160.15

[4] Both ACCA and USSG § 4B1.2(a)(1) define a crime of violence as one that involves "the use, attempted use, or threatened use of physical force against the person of another." *See* 18 U.S.C. § 924(e)(2)(B); USSG §4B1.2(a)(1).

[5] In his § 2255 Motion, Petitioner also argues that under *Johnson* he is no longer eligible for the career offender enhancement. Since the filing of his § 2255 Motion, that argument has been foreclosed by the United States Supreme Court in *Beckles*, and would also be foreclosed by *Hammond*, because his New York robbery convictions remain predicate violent felonies under the career offender guidelines. Thus, he is not entitled to relief on that claim.

## IV. Conclusion

The § 2255 Motion (ECF No. 125) will be DENIED. The Government's Motion to Dismiss (ECF No. 133) will be DENIED as moot. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: 01/25/2019
Richmond, Virginia